UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TEIASONTA SCOTT, | ) Case No.: |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FIFTH THIRD BANK, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

## COMPLAINT

TEIASONTA SCOTT ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against FIFTH THIRD BANK ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act 47 U.S.C . § 227 *et. seq*. ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff is a natural person residing in Detroit, Michigan 48224.

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

6. Defendant is a corporation with its principal place of business located at 38 Fountain Square Plaza, Fifth Third Center, Cincinnati, Ohio 45263.

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Plaintiff has a cellular telephone number.

10. Plaintiff has only used this number as a cellular telephone number.

11. Defendant placed repeated harassing telephone calls to Plaintiff on her cellular telephone.

12. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or pre-recorded message.

13. Plaintiff knew that Defendant was using an automatic telephone dialing system and/or pre-recorded message as she was regularly greeted by a recording prior to connecting to Defendant's live agents.

14. Additionally, Plaintiff received repeated automated voice messages and regarding her alleged account balance.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Attempting to curtail these incessant calls, Plaintiff spoke with Defendant shortly after calls began and revoked any consent that may have been given to Defendant to call her cellular telephone number.

17. This was Plaintiff's method of revoking all previous consent, if any existed, to be contacted on her cellular telephone.

18. Despite Plaintiff's clear and unequivocal demand to cease and desist all further telecommunications, Defendant instead continued calling Plaintiff.

19. Once Defendant knew its calls were unwanted any further calls could serve no lawful purpose and could only have been placed in order to harass Plaintiff.

20. Frustrated and disgusted by Defendant's relentless calls, Plaintiff decided to download a blocking application onto her cellular telephone as a necessary means to stop these unwanted calls.

21. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

# COUNT I
# DEFENDANT VIOLATED THE
# TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant placed multiple telephone calls to Plaintiff's cellular phone.

24. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated telephone dialing system and/or prerecorded voice.

25. Defendant's calls to Plaintiff were not made for "emergency purposes."

26. Defendant's calls to Plaintiff, on and after Plaintiff revoked consent, were not made with Plaintiff's prior express consent.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, TEIASONTA SCOTT, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, TEIASONTA SCOTT, demands a jury trial in this case.

Respectfully submitted,

Dated: 7/12/19    By: */s/ Amy L. Bennecoff Ginsburg*
        Amy L. Bennecoff Ginsburg, Esq.
        Kimmel & Silverman, P.C.
        30 East Butler Pike
        Ambler, PA 19002
        Phone: (215) 540-8888
        Facsimile: (877) 788-2864
        Email: aginsburg@creditlaw.com